**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PETER BUSHEE,

*Plaintiff-Appellant,*

v.

RONALD J. ANGELONE, Commissioner of Virginia Department of Corrections, individually and in his official capacity; RUFUS FLEMING, Regional Director of Virginia Department of Corrections, individually and in his official capacity; SHIRLEY AVENT, Associate Warden/Superintendent Designee, individually and in her official capacity; HUM HICKS, Turnkey, individually and in his official capacity; MISTER POSSEY, Turnkey, individually and in his official capacity; CAPTAIN MCINNIS, Senior Turnkey, individually and in his official capacity; BUILDING MANAGER ROCHE, Senior Team Manager, individually and in his official capacity; MRS. SMALLWOOD, Turnkey, individually and in her official capacity; MR. BOONE, Turnkey, individually and in his official capacity; MR. MOORE, Turnkey, individually and in his official capacity; P. A. LORD, Medical Staff, individually and in his official capacity,

*Defendants-Appellees.*

No. 00-7547

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-99-1639-2)

Submitted: February 9, 2001

Decided: March 27, 2001

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Peter Bushee, Appellant Pro Se. William W. Muse, Assistant Attorney General, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

   Peter Bushee appeals the district court's order dismissing his 42
U.S.C.A. § 1983 (West Supp. 2000) claim pursuant to Fed. R. Civ. P.
12(b)(6). We affirm in part, and vacate and remand for further proceedings.

Prison officials received a tip from a confidential informant that Bushee, an inmate, might have been in possession of cash or contraband. Officials searched Bushee's cell, then took him into a conference room. Once in the conference room, officials stripped Bushee in front of five people, including a medical professional, and conducted a body cavity search. The search and subsequent x-rays turned up no contraband. Bushee filed suit under § 1983 claiming that the body cavity search violated his Fourth Amendment right to privacy. The district court granted the State's motion to dismiss, and Bushee timely appealed. On appeal, he continues to press his Fourth Amendment claim.*

This Court reviews de novo the district court's ruling on a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6). *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss under Rule 12(b)(6) should not be granted unless it appears that the plaintiff can prove no set of facts that would entitle him or her to relief. *Id.* Thus, when considering the propriety of a dismissal, this Court accepts the factual allegations in the complaint as true and affords the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. *Id.*

Body cavity searches do not violate the Fourth Amendment if reasonable and not motivated by punitive intent. *Bell v. Wolfish*, 441 U.S. 520, 545-46, 558-61 (1979). There is no evidence that the officials' search of Bushee was motivated by an intent to punish him. Thus, the only question is whether the search was reasonable.

---

*Bushee made three other allegations in his original complaint and in his brief to this Court: 1) prison officials did not have probable cause to search him, 2) the body cavity search violated the Eighth Amendment, and 3) prison officials violated his due process right by refusing to disclose the identity of the confidential informant. The district court granted the State's motion to dismiss these claims. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm as to these claims on the reasoning of the district court. *Bushee v. Angelone*, No. CA-99-1639-2 (E.D. Va. Sept. 29, 2000). Bushee also filed a motion to remand so that he could amend his complaint to state a claim. In light of our disposition of this appeal, we deny that motion as moot.

Courts gauge the reasonableness of a particular search by balancing the need for the search against the invasion of personal rights that the search entails. To this end, a court must consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted. *Id.* at 559.

Relevant to the *Bell* balancing test, and to the district court's consideration on remand, Bushee alleged that the body cavity search occurred in front of five people, only one of whom was a medical professional, and that the search occurred "in an open conference room . . . with windows open into a foyer where secretaries work." (Exhibit to complaint). Although Bushee does not allege that anyone outside of the conference room actually saw the search, nor does he offer any details concerning the size of the window or whether anyone was working in the area at the time of the search, the well-pleaded allegations of Bushee's complaint give rise to a permissible inference that the search may have occurred in an unnecessarily open area. *Cf. Polk v. Montgomery County*, 782 F.2d 1196, 1201 (4th Cir. 1986) (stating that whether the strip search was "conducted in private . . . is especially relevant in determining whether [it was] reasonable under the circumstances").

Accordingly, we vacate the district court's order insofar as it granted the State's motion to dismiss Bushee's Fourth Amendment privacy claim. We remand the case so that the district court can further develop the factual basis of that claim and conduct a *Bell* balancing analysis in light of those facts. We dispense with oral argument because the facts and legal contentions are adequately represented before the court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*